JAMES SHEWAN & SONS, INC., Plaintiff, *v.* WILLIAM WIRT MILLS, Commissioner of Plant and Structures of the City of New York, and Others, Defendants.

Supreme Court, New York Special Term, December 9, 1924.

**Municipal corporations — city of New York — board of aldermen may by three-fourths vote under Greater New York charter, § 419, authorize commissioner of plant and structures to make repairs to ferryboats without public letting though amount exceeds $1,000.**

The board of aldermen of the city of New York may, under section 419 of the Greater New York charter by a three-fourths vote of the board, authorize the commissioner of plant and structures to contract without public letting for repairs to municipal ferryboats to an amount not exceeding $10,000 per boat, since the statute provides that it is in their discretion to so act as to all work necessary to be done to complete a particular job or as to any supply needful for any particular purpose.

TAXPAYER'S ACTION by a disappointed applicant for work, seeking an injunction.

*Foley & Martin* [*W. J. Martin* and *Patrick J. Dobson* of counsel], for the plaintiff.

*George P. Nicholson, Corporation Counsel* [*Joseph L. Pascal* of counsel], for the defendants.

PROSKAUER, J.:

Section 419 of the Greater New York charter, as amended by chapter 661 of the Laws of 1922, provides that unless otherwise ordered by a vote of three-fourths of the board of aldermen as to all work " necessary to be done to complete or perfect a particular job, or any supply is needful for any particular purpose " there shall be a public letting if the amount involved is over $1,000. The board of aldermen by three-fourths vote passed a resolution authorizing the commissioner of plant and structures to contract without public letting " for repairs to the hulls and under-water working parts of municipal ferryboats  *  *  *  and for emergency repairs to such vessels, in the open market without public letting," to an amount not exceeding $10,000 per boat. Plaintiff is a disappointed

applicant for work on one of the ferryboats and in this taxpayer's action seeks an injunction.

He correctly states the rule of law that the board of aldermen cannot delegate their discretion, but must themselves exercise it. In this case, however, the board has done so. Their discretion may be exercised not only as to " a particular job," but also as to any supply " needful for any particular purpose." The repair of municipal ferryboats is clearly a particular purpose. Careful limits are placed on the commissioner. Moreover, there is no threatened waste.

Motion for injunction denied.